CIRCUIT COURT FOR THE COUNTY OF UNION; VACATION AFTER MAY TERM, 1871.

S. ANDERSON, APPELLANT, *v.* MARY E. LAUGHERY, RESPONDENT.

REGISTER OF STATE LANDS.—The register of state lands for the La Grande District acts within said district simply as the agent or sub-commissioner of the board of school land commissioners.

IDEM.—He cannot render such a decision, judgment or decree as can be appealed from to the circuit courts.

THIS is an appeal from the decision of the register of state lands for the La Grande District. The record, which is very meagre, exhibits the following facts : That on the second day of March, 1871, the register issued two summonses, one to S. Anderson and the other to Mary E. Laughery, commanding said parties to appear before him on the eleventh of March, 1871, to offer testimony in support of their respective rights to purchase from the state of Oregon the N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ S. 21, T. 1. S. R. 39 E. The tract of land described is situate in Union County, Oregon, and contains eighty acres. The said summonses were duly served upon each of said parties. Subpœnas were also served upon several persons, to compel their attendance as witnesses. The certified copy of the register's journal entry, accompanying the record, shows that the said register or-

dered and adjudged, after hearing the proofs and argument of counsel, that the said Mary E. Laughery was equitably entitled to the right to purchase and possess said tract of land. From this decision, Anderson appeals to this court, and this appeal Laughery insists should be dismissed, and therefore files motion to dismiss the same.

*Ellsworth* and *Wilson*, for the motion.

*Baker* and *Lichtenthaler, contra.*

McARTHUR, J. Section 13 of the act to create the office of register of state lands for the La Grande District, and to provide for the disposition and sale of state lands, approved October, 26, 1868, provides, among other things, that "appeals in all contested cases shall be allowed from the decision of the register to the district court of the county in which the land is situate, in the same manner as appeals from the courts of justices of the peace." The phraseology of the entire section, and particularly of the part quoted, is very peculiar and singularly inapt, as will plainly appear by reference to Article VII, section 1, of the state constitution. That section enumerates all the courts known to the judicial department of the state and makes no allusion to any such tribunal as the "district court." It is urged that the legislature intended that appeals should lie to the circuit courts. However correct this assumption may be in point of fact, I do not feel myself at liberty so to decide. If there was any, the slightest, ambiguity in the language used, I might, all things considered, be strongly inclined to so hold; but there is no ambiguity whatever about the expression; it is very clear, though as before remarked, very peculiar. It is an unfortunate misnomer of the tribunal intended, *resulting probably from the too hasty preparation and passage of the act,* and one which I think cannot be corrected by judicial construction. Taking it for granted, however, that the intention of the legislature was that appeals should lie to the circuit courts, another part of the section first above cited erects an insurmountable barrier in the path of legal administration of justice under this legislative enact-

ment, for it is provided that "the issue of the trial in the
district court shall be the same as before the register."
This provision limits the action and the power of the appellate courts and binds them to affirm the decision of the
register, for it emphatically declares that "the issue of the
trial," that is to say, the close, the end, the result, the termination of the cause in the appellate court *"shall be* the
same as before the register."

But assuming that section 13 of the act of the legislature
alluded to, fully and clearly provided that appeals should
lie to the circuit courts, and that when appealed, all cases
should be tried upon substantially the same issues presented
before the register, there are other and more cogent reasons which appear to me to fully warrant the court in sustaining this motion.    Section 525 of the code of civil procedure provides that "a judgment or decree may be
reviewed as prescribed in this title, and not otherwise.  An
order affecting a substantial right, and which in effect determines the action, suit or proceeding, so as to prevent a
judgment or decree therein, or a final order affecting a substantial right and made in a proceeding after judgment or
decree for the purpose of being reviewed, shall be deemed
a judgment or decree."    The question, therefore, presents
itself: Does the decision of the register in effect determine
the action or suit (if the proceeding before him can be so
styled) so as to prevent a judgment or decree?  Clearly not,
and for the following reasons:  By examination of sections
5, 6, 7, 11, 12 and 17, of the act to create the office of register of state lands for the La Grande District, etc., it conclusively appears that the said register is nothing more nor
less than the agent or sub-commissioner of the board of
school land commissioners created by act of the legislature,
approved October 22, 1864.    By the sections referred to, it
is enacted that all applications for the purchase of lands in
the La Grande District are to be made in duplicate and are
to be filed, the one with the register, the other with the
board of commissioners.    The said board acting for the
state, and not the register, makes and executes the deeds to
the applicants, the register simply delivering them.    It is

also made the duty of the register to make out, on the last of every month, full reports of all his official actions, and forward the same to the board of commissioners, and when there are adverse claimants, although it is incumbent upon the register to take the testimony of witnesses "and hear and determine from the testimony presented, the rights of the respective parties," yet it is especially enacted that "all contested claims shall be transmitted to the board of commissioners in a special communication with a brief statement of the decision rendered by the register and his reason therefor." From this provision of the law I am satisfied that before the decision (so called) of the register can be carried into effect, it must meet with the sanction and approval of the board of commissioners, and such being the fact, I cannot see how a conclusion upon the testimony arrived at by him can be what is known to the law as a *decision*, much less a final judgment or decree from which an appeal would lie. In this same connection it must be borne in mind that the board of commissioners is empowered to make rules and regulations for the government of the register's office, and all his acts must conform to such rules.

In view of these provisions of the law I am of opinion that the register cannot render such a decision, judgment or decree as would answer the requirements of section 525 of the code. I can reach no other conclusion than that he acts simply as the agent of sub-commissioner of the board of school commissioners, and his acts being controlled by the rules and regulations of the said board, and his decisions (so called) being returned to the said board for its official approval or disapproval, are not such as can be appealed from to this court. They in no wise determine the action, suit or proceeding so as to prevent a judgment, decree or order therein, for, before a *final* order affecting a substantial right of either of the claimants can be made, the power of the board of commissioners must be invoked. It has been clearly pointed out that the register is required to submit all contested cases to the board, and by reference to section 11 of the act of the legislature, approved October 22, 1864

(General Laws, p. 886), it will be found that it is further provided "that the commissioners may make rules for the transaction of business under this act, and shall decide all questions about priority of settlement and other disputes between applicants, and all their acts and decisions shall be final," etc. The board, then, being a tribunal whose decisions are final in cases arising under the land law, exercises greater power than can be exercised by the circuit courts, for their decisions are not final. For the convenience of argument let us assume that section 13 of the act approved October 26, 1868, is in all respects perfect, and properly provides that appeals shall lie from the register to the circuit courts, what weight can possibly attach to the decisions of those tribunals? Can they bind the board of commissioners? I think not. For example, suppose A. and B. are contesting before the register the right to purchase a certain parcel of state land, and that the decision of the register is adverse to B.; B. appeals to the circuit court and the decision of the register is reversed, it being adjudged that B., and not A., has the right to make the purchase. In the meantime the register, in accordance with the law, forwards his findings and reasons therefor to the board of commissioners, who approve the decision and make a final order in the case affirming the right of A. to purchase, and on that order a deed is executed to A. Which of these decisions prevails? Most certainly that of the board. It is not required to defer to the decision of the circuit court, nor indeed is it obliged to conform its acts and decisions to any other rules or regulations than those of its own adoption. The judgment of the circuit court, therefore, carries with it no force whatever, and although it may hear and determine a case on appeal, it is absolutely powerless to enforce any judgment it may render. It most certainly could not set aside the deed and enforce the rights of B. in a proceeding of this nature. Further, there does not appear to be any issue of fact or of law presented by the record to be tried in this court. There are no verified pleadings to guide the court in passing upon whatever questions may be presented; even the applications of the re-

spective parties do not accompany the record, and it would be a very anomalous proceeding in a court of record, to proceed with the trial and investigation of a cause without something in the nature of a pleading to limit the extent of its inquiries and guide it in entering a judgment or decree.

From the foregoing, it follows that the motion to dismiss should prevail.   It is, therefore, so ordered.